```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SUDHARSHANAM THALLAPAKA,  :   15cv1321

        Plaintiffs,  :   MEMORANDUM & ORDER

    -against-  :

SHERIDAN HOTEL ASSOCIATES LLC, :
PANKAJ SHAH.,

        Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Sudharshanam Thallapaka filed this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against Defendants Sheridan Hotel Associates LLC and Pankaj Shah. Defendant Pankaj Shah seeks this Court's approval of a settlement agreement between Thallapaka and Shah, embodied in a "Confidential Settlement Agreement and Release" filed under seal with this Court (hereinafter "Proposed Agreement").) For the following reasons, this Court declines to approve the Proposed Agreement.

### DISCUSSION

        Parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. See generally, Cheeks v. Freeport Pancake House, Inc., 14 Civ. 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015). Thus, this action cannot be dismissed with prejudice until this Court is satisfied that the parties' settlement is "fair and reasonable." See, e.g., Nurse v. Complete Discovery Source Inc., et al., Mem. & Order, 14 Civ. 6894 (WHP), ECF No. 30 (S.D.N.Y. Aug. 11, 2015).

        The Proposed Agreement provides for a settlement of $19,500. The parties explain that $10,000 will go to Thallapaka, and Plaintiff's counsel will be allocated $9,500 (or

49% of the Proposed Agreement) for attorneys' fees and costs.

I. <u>Confidentiality</u>

Shah filed the Proposed Agreement under seal, and suggests filing a redacted copy on the docket pending this Court's approval of the Proposed Agreement. However, "the federal courts have recognized a strong presumption of public access to court records." <u>Standard Chartered Bank, Int'l (Ams.) v. Calvo</u>, 757 F. Supp. 2d 258, 259–60 (S.D.N.Y. 2010) (internal quotations omitted). This presumption of public access extends to judicially-approved FLSA settlements. See <u>Armenta v. Dirty Bird Group, LLC</u>, 13 Civ. 4603 (WHP), 2014 WL 3344287, at *1 (S.D.N.Y. June 27, 2014). Indeed, the overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential. See <u>Dirty Bird Group, LLC</u>, 2014 WL 3344287, at *2; see also <u>Joo v. Kitchen Table, Inc.</u>, 763 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) (rejecting sealing request and listing cases doing the same). Filing such settlement agreements entirely under seal, or with redactions, contravenes the public's right to know the terms of such judicially approved settlements.

II. <u>General Release</u>

"[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." <u>Moreno v. Regions Bank</u>, 729 F. Supp. 1346, 1351 (M.D. Fla. 2010). The Agreement here contains a general release that is "far too sweeping to be 'fair and reasonable.'" <u>Camacho v. Ess-a-Bagel, Inc.</u>, 14 Civ. 2592 (LAK), 2015 WL 129723, at *1 (S.D.N.Y. Jan. 9, 2015); see also <u>Cheeks. v. Freeport Pancake House, Inc.</u>, 14 Civ. 299, 2015 WL 4664283, at *6 (2d Cir. Aug. 7, 2015) (recognizing that courts have recently rejected proposed FLSA settlements which contain an overbroad release). This Court will not sanction releases in FLSA cases where the parties purport to waive "practically any possible claim against

the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issue." Camacho, 2015 WL 129723, at *1. Here, the Proposed Agreement would do just that. See Proposed Agreement ¶ 7.1 (purporting to release Shah from "all and any manner of actions . . . by reason of any matter, cause or thing whatsoever[.]").

III. Attorney's Fees

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" Wolinsky, 900 F. Supp. 2d at 336 (citations omitted). "Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Wolinsky, 900 F. Supp. 2d at 336 (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)). Accordingly, counsel needs to provide a factual basis for a fee award that should include some reference to contemporaneous time records. See Guareno, 2014 WL 4953746, at *2 (citations omitted). No description of the lodestar (hours worked by various personnel and billing rates) was submitted which would allow this Court to assess the reasonableness of the fee award.

CONCLUSION

For the foregoing reasons, Defendant Pankaj Shah's request for approval of the settlement agreement and dismissal of this action is denied. The parties are directed to notify this Court by September 3, 2015 of their intention to either (1) publicly file an unredacted

3

revised settlement agreement and supporting documentation in accord with this Memorandum & Order, or (2) abandon settlement and submit a joint pre-trial order. The Clerk of Court is directed to terminate the motion pending at ECF No. 17.

Dated: August 17, 2015
      New York, New York

                                  SO ORDERED:

                                  WILLIAM H. PAULEY III
                                  U.S.D.J

*Copies to:*
All Counsel of Record