## S<small>ETTLEMENT</small> A<small>GREEMENT</small> A<small>ND</small> R<small>ELEASE</small>

This Settlement Agreement and Release (this "Agreement") is entered into as of September ____, 2015 between **SUDHARSHANAM THALLAPAKA**, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiffs"), and **PANKAJ SHAH** ("Defendant"), on behalf of himself and for the benefit of BINABEN SHAH and SHRI SAI SHAKTI LLC its parent(s), subsidiaries, divisions, affiliates and other related entities (including, but not limited to, SHRI SAI SHAKTI LLC), and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendants' agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Releasees").

**WHEREAS**, on or about February 24, 2015 Plaintiff filed, in the United States District Court for the Southern District of New York, a complaint in an action entitled, <u>SUDHARSHANAM THALLAPAKA vs. SHERIDAN HOTEL ASSOCIATES LLC ET AL</u>, Case No. 15-CV-01321, asserting violations of the FLSA and New York Labor Law (Hereinafter, the "Complaint"); and

**WHEREAS,** Plaintiff and the Defendant desire to fully and finally resolve and settle in full all claims that Plaintiff had, has, or may have against any of the Releasees, including, but not limited to, all claims and issues that were or could have been raised in the Complaint;

**NOW, THEREFORE,** Plaintiff and the Defendant, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, the Defendant does not in any way admit liability or wrongdoing toward Plaintiff or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the Defendant or any of the Releasees under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff or any other person has asserted, could have asserted or may assert in connection with Plaintiff or any other person's relationship with the Defendant. The Defendant has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiff, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. <u>Consideration</u>: (i) In consideration for Plaintiff entering into this, the Defendants shall make the following payments (the "Settlement Funds"):

    a. One check representing attorney's fees (17.41hrs x $600/hr) and disbursements/costs ($555) in the aggregate amount of $11,000.00 issued to the "ABDUL HASSAN LAW GROUP, PLLC" ("AHLG") which an I.R.S. Form 1099 shall be issued – AHLG shall provide Defendants with an IRS FORM W-9;

  b. One check representing back pay in the amount of Five Thousand, Two Hundred and Fifty Dollars ($5,250), less applicable legal deductions, issued to "SUDHARSHANAM THALLAPAKA";

  c. One check representing liquidated damages, interest and/or penalties in the aggregate amount of $5,250.00 issued to "SUDHARSHANAM THALLAPAKA";

  d. The payments due under this Agreement and in this paragraph, shall be made within ten (10) days of Court approval of this Agreement, and sent to plaintiff's counsel – Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, NY 11427.

(ii) Tax Treatment of Payments. For the allocation of the Settlement Funds as set forth in Paragraphs 2(b)-2(c) above, fifty percent (50%) of the amount(s) paid to each Plaintiff under this Agreement shall be reported by the Defendant as wages to the appropriate taxing authorities on a Form W-2 issued to the Plaintiff with his or her taxpayer identification number, and shall be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of the amount(s) paid to Plaintiff will be allocated to liquidated damages, interest and/or penalties and reported by the Defendant as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Plaintiff.

3. <u>Entire Amount:</u> Plaintiff agree and affirm that the Settlement Funds shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement and that neither they or their legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff relationship with the Defendants, provided the Court approves the settlement agreement in the form agreed by the parties and/or there is no appeal taken.

4. <u>Approval of Settlement</u>:
  a. The Court having ordered the parties to seek approval of this settlement, the parties have submitted a motion for settlement approval and agree not to oppose said motion. If the Court does not enter an Approval Order, or decides to do so with modifications to this Agreement that either party believes are material, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves the modified Agreement.
  b. Upon the Approval of this Agreement and the Court entering an Order approving this Agreement ("Effective Date") Settlement Agreement, Defendants shall pay Settlement Funds to Plaintiffs' Counsel and Plaintiff within ten (10) days of such Court approval.

5. <u>Waiver of Statutory Attorney's Fees</u>: Plaintiff's counsel expressly waive, release and forever discharge any claims for statutory attorney's fees arising from Plaintiff's employment or separation from employment with Defendant, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 15-CV-01321, subject to paragraph 3 above.

6.      Voluntary Dismissal with Prejudice: Plaintiff hereby authorize and directs his attorneys, within 10 days of the receipt of the Settlement Funds, before a notary public, to prepare, execute and file with the Court the Stipulation and Order of Dismissal in the format attached hereto as Exhibit A, or in any other format that may be required by the Court.

7.      Release of All Claims:

(a) In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims asserted in this action and related wage claims, consistent with *Cheeks v. Freeport Pancake House, Inc.,* No. 14-299-CV, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

(b) In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

8.      Breach of Agreement: In case of breach of this Agreement, parties agree that the case shall be restored to the Court's docket.

9.      Enforceability:    If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

10.     Voluntary Agreement:   Plaintiff and Defendant agree and affirm that: (i) they have carefully read and fully understands all of the provisions of this Agreement; (ii) they were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement; (iii) they have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it; (iv) they have consulted with their attorney of choice before executing this Agreement; (v) this Agreement is legally binding, and by signing it, they understands that they are giving up certain rights, including their right to pursue the claims raised in the Complaint; (v) no promise or representation of any kind or character has been made by any of the Releasees or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement; (vi) they knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

11.     Complete Agreement:  This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them.  This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

12. <u>Court Retains Jurisdiction To Enforce Agreement</u>: The Parties request and agree that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement terms embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court.

13. <u>Cooperation Clause:</u> The Parties agree to cooperate in good faith to effectuate the Settlement of the Lawsuit, including securing the Court's approval of the Agreement in accordance with the terms of this Agreement, and obtaining a final judgment.

14. <u>Severability:</u> The provisions of this Agreement are independent of and separable from each other. If any provision hereof shall for any reason be held invalid or unenforceable, it is the intent of the parties that such invalidity or unenforceability shall not affect the validity or enforceability of any other provision hereof, and that this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

15. <u>No Waiver</u>: The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such party's right thereafter to enforce each and every term and condition of this Agreement.

16. <u>Authority</u>: Each signatory on behalf of the Plaintiff and Defendants represents and warrants that such party has the full authority and power to make the releases and agreements contained in this Agreement. Each signatory further represents and warrants that such party has not assigned, encumbered, or in any manner transferred all or a portion of the claims covered by the releases and agreements contained herein.

17. <u>Counterparts</u>: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**[SIGNATURE PAGE TO FOLLOW]**

|  |  |
|---|---|
| | **PLAINTIFF** |
| Dated: _____ | By:_____ |
| | Name: SUDHARSHANAM THALLAPAKA |

**DEFENDANT**

Dated: 09/16/2015    By: *Shah P. P.* (signature)
Printed Name: PANKAJ SHAH

**Reviewed and approved by counsel:**

Dated:_____    ABDUL HASSAN LAW GROUP, PLLC

By: _____
Name:   Abdul Hassan
Attorney of Plaintiff

Dated:_____    AMANATIDES KOCHISARLI PLLC

By: _____
Name:   Brian C. Kochisarli
Attorney of Defendant

Dated:_____    By: _____
Name:   Stanley Schlein
Attorney of Defendant

**PLAINTIFF**

Dated: _____          By: _____
                               Name: SUDHARSHANAM THALLAPAKA

**DEFENDANT**

Dated: _____          By: _____
                               Printed Name: PANKAJ SHAH

**Reviewed and approved by counsel:**

Dated: _____          ABDUL HASSAN LAW GROUP, PLLC

                               By: _____
                               Name:   Abdul Hassan
                               Attorney of Plaintiff

Dated: 9/17/15                 AMANATIDES KOCHISARLI PLLC

                               By: _____
                               Name: Brian C. Kochisarli
                               Attorney of Defendant

Dated: 9/17/15                 By: _____
                               Name: Stanley Schlein
                               Attorney of Defendant

Dated: 09/13/2015

**PLAINTIFF**

By: _____[signature]_____
Name:  SUDHARSHANAM THALLAPAKA

**DEFENDANT**

Dated: 9/1_

By: _____
Printed Name: PANKAJ SHAH

**Reviewed and approved by counsel:**

Dated: 9/13/2015

ABDUL HASSAN LAW GROUP, PLLC

By: __[signature]__ Abdul Hassan
Name:   Abdul Hassan
Attorney of Plaintiff

Dated: _____

AMANATIDES KOCHISARLI PLLC

By: _____
Name:   Brian C. Kochisarli
Attorney of Defendant

Dated: _____

By: _____
Name:   Stanley Schlein
Attorney of Defendant

EXHIBIT A

[STIPULATION AND ORDER OF DISMISSAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUDHARSHANAM THALLAPAKA,

                            Plaintiff,

-vs-

SHERIDAN HOTEL ASSOCIATES LLC et al,

                            Defendants.

Case No.: 15-CV-01321

**STIPULATION OF DISCONTINUANCE**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff SUDHARSHANAM THALLAPAKA and the Defendant PANKAJ SHAH an in the above captioned action, through the undersigned counsel, that the action be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

Dated: 9/13/2015

ABDUL HASSAN LAW GROUP, PLLC

By: _____
Name:  Abdul Hassan
Attorney of Plaintiff

Dated:_____

AMANATIDES KOCHISARLI PLLC

By: _____
Name:  Brian C. Kochisarli
Attorney of Defendant

Dated:_____

By: _____
Name:  Stanley Schlein
Attorney of Defendant

**SO ORDERED.**

Dated: _____, 2015

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUDHARSHANAM THALLAPAKA,

                   Plaintiff,

-vs-

SHERIDAN HOTEL ASSOCIATES LLC et al,

                   Defendants.

Case No.: 15-CV-01321

**STIPULATION OF DISCONTINUANCE**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff SUDHARSHANAM THALLAPAKA and the Defendant PANKAJ SHAH an in the above captioned action, through the undersigned counsel, that the action be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

Dated:_____

ABDUL HASSAN LAW GROUP, PLLC

By: _____
Name:  Abdul Hassan
Attorney of Plaintiff

Dated: 9/17/15

AMANATIDES KOCHISARLI PLLC

By: _____
Name:  Brian C. Kochisarli
Attorney of Defendant

Dated: 9/17/15

By: _____
Name:  Stanley Schlein
Attorney of Defendant

**SO ORDERED.**

Dated: _____, 2015

_____
United States District Judge